IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>　　DANIEL FRYZA and<br>　　KATHERINE REVELAS<br><br>　　　Debtor. | ) Chapter 13<br>) Case No 12 B 23086<br>)<br>) Judge　　　Cassling<br>) Trustee　　Stearns |
| DANIEL FRYZA and KATHERINE REVELAS,<br><br>　　　　　Plaintiffs,<br><br>　-vs-<br><br>PNC BANK, N.A.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 12 A 1010<br>)<br>)<br>)<br>) |

PRETRIAL STATEMENT

The plaintiffs, Daniel Fryza and Katherine Revelas and the Defendant, PNC Bank, N.A., by and through their respective counsel submit the following Pretrial Statement:

Statement of Claims and Defenses

　　1. STATEMENTS OF THE THEORY OF EACH CLAIM AND DEFENSE

　　A. Plaintiff's Theory of Each Claim

　　Plaintiff's Amended Complaint is before this Court for Trial requesting that this Court determine the Nature and Extent of the Second and Junior Mortgage on the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois (hereinafter called "the real estate). This has become necessary as Plaintiff and the defendant agree the combined principal balances of the first and second mortgages exceed the fair market value of the real estate and the second and Junior Mortgage matures during the term of the proposed Chapter 13 Plan.

1

Plaintiff believes that the fair market value of the real estate is $222,000.00 and based on 11 USC 506(a) and (d) and 1322(c)(2), the Court should determine that the Second and Junior Mortgage should be bifurcated by this Court into a secured portion of $28,976.19 (which will be paid with interest under Section E3 of the Chapter 13 Plan pursuant to 11 USC 1325(a)(5) and an unsecured non priority portion of $81,893.86.

B. Defendant's Theory of Each Defense

1. Defendant believes that the fair market value of the real estate under 11 U.S.C. § 506(a) is $275,000 based on its appraisal and, and that pursuant to 11 U.S.C. §1322(c)(2), its secured claim may be bifurcated into a secured claim in the amount of $83,976.19 and an unsecured claim of $26,893.86.

2. Defendant states that §506(d) is not applicable to void any portion of its lien as liens may only be voided under that section if a claim is disallowed pursuant to 11 U.S.C. §502. Plaintiff neither seeks disallowance pursuant to § 502 nor is there grounds for disallowance of Defandant's claim under §502.

2. STIPULATED FACTS

1. PNC BANK, N.A. is a lender and/or servicer of mortgages and is the successor in interest to MidAmerica Bank, FSB, National City Corporation and The PNC Financial Services Group, Inc.

2. On June 6, 2012, DANIEL FRYZA AND KATHERINE REVELAS filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois as Case Number 12 B 23086.

2

3. This Adversary Proceeding arises under Sections 501, 502, 506 and 1322(c)(2) of the United States Bankruptcy Code.

4. This Honorable Court has jurisdiction over this Adversary Proceeding pursuant to 28 USC Sections 151, 157 and 1334 and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois, in that this action relates to the Bankruptcy Case 12 B 23086, In Re DANIEL FRYZA AND KATHERINE REVELAS, which is presently pending before this Honorable Court.

5. This is a core proceeding under 28 USC Section 157(b)(2)(K).

6. DANIEL FRYZA AND KATHERINE REVELAS are the owners of real estate (hereinafter called "the real estate") for the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564 and legally described as follows:

> LOT 104 IN CHICORY PLACE UNIT – 1, BEING A SUBDIVISION OF THAT PART OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 33, TOWNSHIP 38 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREFOF RECORDED JUNE 8, 1994 AS DOUMENT R94-128179, IN DUPAGE COUNTY, ILLINOIS.
>
> PIN: 07-33-114-013-0000

7. PNC filed a proof of claim for its first mortgage lien on the real estate in the amount of $191,023.81.

8.  The defendant in this case holds a Junior Mortgage originally granted in the amount of $110,000.00. This junior mortgage was recorded in the Office of the DuPage County Recorder of Deeds as Document Number R2004-237840 on September 10, 2004 (hereinafter called "the Junior Mortgage)

9.  On June 19, 2012 PNC Bank, N.A. filed a sworn Proof of Claim for its Junior Mortgage in the amount of $110,870.05.

10. The Junior Mortgage of PNC BANK, N.A. matures on October 1, 2014 which is within the term of the Proposed Chapter 13 Plan.

11. There is sufficient equity in the real estate to give PNC's Junior Mortgage a partial secured claim.

### 3. DISPUTED MATERIAL FACTS

1.  What was the fair market value of the real estate at the time of filing of the underlying Chapter 13 case number 12 B 28873?

2.  Pursuant to 11 USC 506(a) and 1322(c)(2), what is the secured value of PNC's Junior Mortgage lien?

### 4. WITNESS LISTS

Plaintiff Witness List

Plaintiff may or may not call either of the below listed persons:

1. Daniel Fryza, plaintiff

2. Katherine Revelas, plaintiff

3. Jon Gutstein, expert witness

**Defendant objects to expert witness designation of Jon Gutstein for lack of foundation as an expert under F.R.E 702, and lack of disclosure pursuant to Federal Rule of Bankruptcy Procedure 7026(a)(2)**

4. Any witness called by the Defendant

Defendant's Witness List

Defendant will call the following persons:

1. Henry Jung, expert witness

**Plainitiff objects to expert witness designation of Henry Jung for lack of foundation as an expert under F.R.E 702, lack of disclosure pursuant Federal Rule of Bankruptcy Procedure 7026(a)(2) and Answer to the Plaintiff's Interrogatories to Defendant Number 6 & 12**

2. Jon Gutstein

Defendant may or may not call the following persons:

3. Any witness called by the Plaintiffs, including Plaintiffs

TRIAL EXHIBITS

Plaintiff's Exhibits

1. Final Pretrial Order. (Docket 14)

2. Amended Adversary Complaint to Determine Nature and Extent of Lien of PNC Bank, N.A. as to 1236 Teasel Lane, Naperville, Illinois. (Docket 5)

5

3.	PNC Bank, N.A.'s Answer to Complaint (Docket 8)

4.	Modified Chapter 13 Plan, dated 7/26/2012 in underlying Chapter 13 case 12 B 23086.

5.	First Mortgage Claim 3-1 of PNC Bank, N.A. as to the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564.

6.	Second Mortgage Claim 1-1 of PNC Bank, N.A. as to the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564.

7.	Appraisal Report of Jon Gutstein as of June 2, 2012 in the amount of $222,000.00 **Defendant objects to Plaintiffs' Exhibit 7 as hearsay under F.R.E. 801(c) and for lack of foundation.**

### Defendant's Exhibits

1.	Henry Jung's Curriculum Vitae **Defendant objects to Defendant's Exhibit 1 as hearsay under F.R.E. 801(c) and for lack of foundation. for lack of foundation as an expert under F.R.E 702, lack of disclosure pursuant Federal Rule of Bankruptcy Procedure 7026(a)(2) and Plainitiff's Production Request.**

2.	Henry Jung's Appraisal License **Defendant objects to Defendant's Exhibit 2 as hearsay under F.R.E. 801(c) and for lack of foundation. for lack of foundation as an expert under F.R.E 702, lack of disclosure pursuant Federal Rule of Bankruptcy Procedure 7026(a)(2) and Plainitiff's Production Request.**

2.	Appraisal Report of Henry Jung as of July 26, 2012 in the amount of $275,000. **Defendant objects to Defendant's Exhibit 3 as hearsay under F.R.E. 801(c) and for lack of foundation, for lack of foundation as an expert under F.R.E 702,**

6

**lack of disclosure pursuant Federal Rule of Bankruptcy Procedure 7026(a)(2) and Plainitiff's Production Request.**

3. Appraisal Report of Jon Gutstein as of January 12, 2012 in the amount of $265,000. **Defendant objects to Defendant's Exhibit 4 based on relevance.**

4. One Unit Residential Appraisal "Field Review" Report by Henry Jung of January 12, 2012 Appraisal **Defendant objects to Defendant's Exhibit 5 as hearsay under F.R.E. 801(c) and for lack of foundation. for lack of foundation as an expert under F.R.E 702, lack of disclosure pursuant Federal Rule of Bankruptcy Procedure 7026(a)(2) and Plaintiff's Production Request as well as Objections relating to one witness commenting of the testimony or expert opinion of another witness based Federal Rule of Evidence 401, 402, 403, 607, 611 and 701-705 .**

5. One Unit Residential Appraisal "Field Review" Report by Henry Jung of June 2, 2012 Appraisal **Defendant objects to Defendant's Exhibit 6 as hearsay under F.R.E. 801(c) and for lack of foundation. for lack of foundation as an expert under F.R.E 702, lack of disclosure pursuant Federal Rule of Bankruptcy Procedure 7026(a)(2) and Plaintiff's Production Request as well as Objections relating to one witness commenting of the testimony or expert opinion of another witness based Federal Rule of Evidence 401, 402, 403, 607, 611 and 701-705 .**

May 24, 2013

Counsel for Plaintiff                              Counsel for Defendant

| | |
|---|---|
| */s/ Paul M. Bach* | /s/ *Monette W. Cope* |
| Paul M. Bach | Monette W. Cope |
| Penelope N. Bach | Weltman, Weinberg & Reis Co., LPA |
| Bach Law Offices | 180 N. LaSalle Street Suite 2400 |
| P.O. Box 1285 | Chicago, Illinois 60601 |
| Northbrook, IL 60065 | (312) 253-9614 |
| (847) 564-0808 | |

8